UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| DANNY RUBEN | CIVIL ACTION NO. 13-2598-P |
| VERSUS | JUDGE FOOTE |
| WARDEN TIM KEITH | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Danny Ruben ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on August 30, 2013. Petitioner is incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He challenges his state court conviction and sentence. He names Warden Tim Keith as respondent.

On August 20, 2008, Petitioner pleaded guilty to one count of forcible rape of his daughter in Louisiana's First Judicial District Court, Parish of Caddo. Petitioner was sentenced to 30 years imprisonment at hard labor and the first two years of his sentence were ordered to be served without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner alleges (1) his guilty plea was the product of attorney fraud because his attorney advised him that he would be released from incarceration after serving five years, and (2) his attorney failed to interview the alleged victim who would have stated that he did not rape her or have sexual contact with her.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

>   Supreme Court," if it is newly recognized and made retroactively applicable; or
>
>   4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence."  28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4).  In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner pleaded guilty and was sentenced on August 20, 2008.  Petitioner states he did not seek direct review of his conviction and sentence in the state courts (Doc. 1, p.3).  Accordingly, his conviction and sentence became final on September 19, 2008, when the delay for applying for an appeal expired and no application was filed.  See. La. C.Cr.P. art. 914.

The federal petition currently before the court was received and filed in this court on August 30, 2013, and signed by Petitioner on August 29, 2013.  Since the federal clock began ticking on September 19, 2008 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before September 19, 2009.  This petition was not filed until August 2013 at the earliest, more than three years too late.

In addition, the post-conviction proceedings conducted by Petitioner do not serve to toll the one-year limitation period as they were not filed within the one-year period. See supra footnote 1. Petitioner claims he filed an application for state post-conviction relief and/or petition for writ of habeas corpus on August 24, 2012 (Doc. 1, p. 4). Review of this application/petition continued until the Supreme Court of Louisiana denied writs of review on July 31, 2013. To toll the federal limitation period, a petitioner's post-conviction proceedings must be filed within the federal one-year period. Petitioner did not file his state post-conviction proceedings until August 24, 2012, which was after the limitation period had already expired on September 19, 2009.

Petitioner argues that the court must determine the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1). He argues that his claims did not become viable until June 2012 when the Department of Corrections notified him that he would not be released after serving five years of his sentence. The court finds that Petitioner's claims do not implicate this section. Petitioner personally knew of these claims when he was convicted and sentenced. The state trial court found that the trial transcripts indicated that Petitioner's sentence was explained to him and he agreed to the sentence (Doc. 1-1, p. 1). Furthermore, Petitioner knew or should have known that his attorney did not interview the victim since he stated that his attorney refused to interview her.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA.  See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d

1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 7th day of April 2014.

Mark L. Hornsby
U.S. Magistrate Judge